# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: BOSTON SCIENTIFIC CORP., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>**This document relates to:**<br><br>**BARBARA VINCENT and BARRY VINCENT,**<br><br>PLAINTIFFS,<br>v.<br><br>**BOSTON SCIENTIFIC CORPORATION,**<br><br>DEFENDANT, | **CASE NO.: 2:13-CV-8669**<br><br>(MDL 2326) |

### PLAINTIFF'S RESPONSE TO BSC's MOTION TO COMPEL PLAINTIFF's ATTENDANCE AT DEPOSITION BY NOVEMBER 30, 2019

Plaintiff, Barbara Vincent, hereby submits her Response in Opposition to Defendant Boston Scientific Corporation's Motion to Compel Plaintiff's Attendance at Deposition by November 30, 2019. For the reasons contained herein, Plaintiff respectfully requests that the Court deny Defendant's motion in its entirety.

### A. Factual Background

1. Plaintiff Barbara Vincent was selected by the Defendant BSC to be a member of Wave 1 of MDL 2326 pursuant to PTO No. 65 on January 21, 2014. Document No. 653.[1]

2. On May 13, 2014 a deposition of Barbara Vincent began at 9:12 a.m. and concluded at 6:42 p.m. for a total time of nine hours and thirty minutes (9:30).[2]

---
[1] See Ex. A
[2] See Ex. B.

Barbara Vincent, because of the pain associated with sitting for long periods of time, was afforded breaks of two hours and eighteen minutes and spent seven hours and twelve minutes answering questions almost entirely posed by Boston Scientific's attorneys.

3. Pursuant to PTO No. 100, discovery was closed on October 3, 2014.[3] Rule 26 reports, expert depositions, Daubert and Summary Judgment motions were all filed prior to the case being removed to the inactive docket. A denial of the Defendant's motion for summary judgment on the statute of limitations issue was entered in this matter on May 25, 2015.

4. Pursuant to PTO No. 208 this case was reinstated on May 1, 2019 with a scheduling deadline subject to the certain exceptions to wit: "***While the court is returning cases to the active docket, it is not the court's intention to allow a new round of pleadings or a second bite at the apple for cases already worked up in previous waves***." [4]

5. Pursuant to PTO No. 208 the Court ordered "The Deposition of any witness is limited to three hours absent agreement of the parties" See PTO No 208 ¶ 2e.

6. PTO 208 outlined a deposition deadline and close of discovery for October 25, 2019. Prior to that time, additional depositions of the Plaintiff's treating physicians, who had not been previously deposed, were completed by the parties. Neither the implanting physician nor the Plaintiff (pursuant to her Counsel's objections as outlined in BSC Motion To Compel) were taken prior to this discovery deadline.

---

[3] See Ex. C.
[4] See Ex. D

2

7. On October 25, 2019, the day upon which the discovery deadline fell pursuant to PTO 208, the Defendant filed a Motion To Compel to take the deposition of the Plaintiff a second time and requested that it be done prior to November 30, 2019. See Motion To Compel ¶13.[5]

8. The only explanation that Defendant has given is included in ¶10 of its motion which states: "Namely, that more than five (5) years has past (*sic*) since her last deposition, and Boston Scientific is entitled to learn about current treatment and conditions relevant to her claims."

### B. Legal Authority

It without dispute that this Court has used its wide latitude for the efficient discovery of information for both parties in an effective manner including limitations on several procedural matters. This includes a limitation on the number of treating physicians, experts named and the amount of time taking the deposition of witnesses.

For its motion, Defendant cites to Rule 37(a) of the Federal Rules of Civil Procedure as its only support of its motion to compel the Plaintiff to sit for a second deposition in this matter. Defendant fails to acknowledge FRCP 30(d) which states*: Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The Court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.*

### C. Argument

---

[5] See Doc. No. 145.

In this case, the Plaintiff was deposed seven hours and twelve minutes with almost the entirety being by Defendant.  It was an exhaustive experience for the Plaintiff and four more hours than what was ultimately allowed by this Court in subsequent pre-trial orders (including PTO 208 which reinstated this case).  The Defendant argues because a period of five years has occurred it should have another deposition to "learn about current treatment and conditions relevant to her claims."

Pursuant to PTO 208 an updated Plaintiff Fact Sheet was emailed to the Defendant on May 10, 2019 which included her treating physicians.  This included those that she had seen since discovery was previously closed under PTO 100.  The Defendant has had access in fact ordered updated medical records for the Plaintiff. The Defendant has also participated in three additional depositions under PTO 208 of the treating medical providers prior to the October 25, 2019 discovery cut off. It is disingenuous for the Defendant to argue because a time period of five years has passed now gives it a claim to take the deposition of the Plaintiff a second time to give it information on "ongoing complaints and treatment" and "current quality of life questions".  This is particularly true considering it has already had four additional hours than what has been typically given question the Plaintiff the first time.

If the Defendant's arguments regarding the passage of time is persuasive then it is also true that the Plaintiff should be allowed to take the depositions of the Defendant's corporate officers and employees including their medical directors. Many decisions have occurred by the Defendant since the time that these critical depositions were taken the first time.  If the Defendant is allowed to take a "second bite at the apple" then it is equitable to allow the Plaintiff to designate those critical representatives of the Defendant in which she is allowed to question a second time.

4

Further, Rule 26 expert reports, Daubert motions and a Summary Judgment Order of this Court have previously been entered in this case. If this door is opened, there is nothing to stop the Defendant's from making the same argument regarding the Plaintiff's husband, who has previously been deposed, the implanting physician, who was deposed for much longer than the 3 hour time limit ultimately placed on the parties by this Court or anyone else.[6] It is also fair to believe that if the Defendant's motion is granted it would lead to the parties renewing their previously argued motions in regards to Daubert based upon "new information" from this deposition.

Defendant also request that this be done prior to November 30, 2019 without giving any explanation on that deadline. As the Court is aware there are many cases being litigated by the parties in this matter and if the Court is inclined to allow the Defendant another opportunity to question the Plaintiff it should not be made with an arbitrary deadline but at a time that is convenient for all parties including the Plaintiff and her counsel.

Finally, the reality of this matter is that this case is moving towards a remand and ultimately a trial. This Court has been strict but fair to both parties in regards to the proceedings of discovery in preparing these cases for trial. As a result, the Defendant has ample information from both the seven hour deposition of the Plaintiff, her husband, the treating physicians' depositions (both those taken before and after this case was reinstated) and the medical records gathered to question the Plaintiff under cross examination at trial. This is no different than any other case, MDL or not, in which there is a delay, for appeal purposes or otherwise, in which there is a time

---

[6] In fact Defendant has already done this in regards to Barry Vincent by filing a "Notice of Deposition of Friends and Family on 10/22/19 Doc. No. 141 despite Mr. Vincent already giving a 2 hour deposition in this matter.

period between discovery and trial. Defendant has not shown that it would be prejudiced in this matter by not being allowed to take another deposition and therefore this motion should be denied.

For the reasons contained herein, Plaintiff respectfully requests that the Court deny Defendant Boston Scientific Corporation's Motion To Compel Plaintiff's Attendance at Deposition By November 30, 2019.


Dated: November 5, 2019  /s/ Sean T. Keith
Sean T. Keith, AR Bar # 93158

KEITH MILLER BUTLER
SCHNEIDER & PAWLIK
224 South 2nd Street, Rogers, AR 72756
T: (479) 621-0006   F: (479) 631-6890
skeith@arkattorneys.com


*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2019, I filed the foregoing via the Court's CM/ECF system, which will send notification of such filing and a copy thereof to all counsel of record.

*/s/ Sean T. Keith*
Sean T. Keith, AR Bar # 93158

KEITH MILLER BUTLER
SCHNEIDER & PAWLIK
224 South 2nd Street, Rogers, AR 72756
T:  (479) 621-0006    F:  (479) 631-6890
skeith@arkattorneys.com

*Attorney for Plaintiffs*